IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL ALDARENGA
5821 14th Street, NW Apt. 301
Washington, DC 20011

    PLAINTIFF

v.                                                                 Case No.:

2327 18TH ST NE, LLC
d/b/a MONTANA DOUBLE CAR WASH
2327 18th St., NE
Washington, DC 20018

Serve:  Alaa Saleh
1906 Jackson Street
Washington, DC 20015

ASHKAR BROTHERS, INC.
d/b/a MONTANA DOUBLE CAR WASH
2327 18th St., NE
Washington, DC 20018

Serve:  Alaa Saleh
1906 Jackson Street
Washington, DC 20015

DAKHLALLAH ASHKAR
10911 Elon Dr.
Bowie, MD 20720

JADALLAH ASHKAR
6419 Brays St.
Hyatsville, MD 20706

KHEIRY ASHKAR
4403 Ollies Turn
Hyattsville, MD 20781

And

SOFIAN ASHKAR
7841 Vanity Fair Dr.
Greenbelt, MD 20770

```
                                                *
DEFENDANTS.                                     *
*********************************************************************
```

## COMPLAINT

Plaintiff Manuel Aldarenga ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants 2327 18th St NE, LLC d/b/a Montana Double Car Wash, Ashkar Brothers, Inc. d/b/a Montana Double Car Wash, (together, "Montana Double"), Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA and DCMWA.

2. 2327 18th St NE, LLC is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. Ashkar Brothers, Inc. is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. Together, these entities have operated under the trade name, Montana Double Car Wash.

3. Montana Double is a car wash operating in the District of Columbia.

4. Initially, Ashkar Brothers, Inc. operated under the trade name Montana Double Car Wash. On or about January 20th, 2015, 2327 18th St NE, LLC began operating under the same trade name. At all times Montana Double remained a car wash

at the same location operated by the same individuals. Defendants generally ignored the corporate form and generally operated Montana Double as a cash business.

5. Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar own and operate Montana Double.

6. At all times during Plaintiff's employment, Defendants used cleaning and automotive supplies that originated and otherwise traveled outside of Washington, D.C. and the United States and thus Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. On information and belief, Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely cleaning and automotive supplies) that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA and DCMWA.

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C.

§ 1391(b).

## FACTS

11. During Plaintiff's employment, Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar owned, operated and managed Montana Double. Upon information and belief, Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar are immediate family members and operate Montana Double as a close family business.

   a. During Plaintiff's employment, Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

   b. During Plaintiff's employment Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar had the power to supervise the work duties of Plaintiff to ensure his work was of sufficient quality.

   c. During the period of Plaintiff's employment Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule.

   d. During Plaintiff's employment, Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar set and determined or had the power to set and determine Plaintiff's rate and method of pay.

   e. During Plaintiff's employment, Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar controlled, and were in charge of, the day-to-day operations of Montana Double.

12. Plaintiff was employed by Defendants from about July 2012 until August 11, 2015. Plaintiff primarily worked as a car washer and general laborer.

13. During Plaintiff's entire employment period, Plaintiff typically and customarily worked 60 hours per week. Defendant had knowledge and suffered or permitted Plaintiff to work 60 hours per week.

14. Defendants paid Plaintiff a daily rate. From approximately July 2012 through approximately December 31, 2013, Plaintiff was paid $55 per day. From approximately January 1, 2014 through December 31, 2014, Plaintiff was paid $65 per day. From approximately January 1, 2015 through the end of Plaintiff's employment with Defendants on August 11, 2015, Plaintiff was paid $72 per day. This daily rate did not compensate Plaintiff for the overtime hours he worked over forty in each week.

15. Defendants failed to pay Plaintiff time and a half his regular rate for the hours he worked over forty.

16. Defendants also failed to pay the minimum wage set forth by the DCMWA.

17. Defendants' failure and refusal to pay Plaintiff, as required by the FLSA and the DCMWA, was willful and intentional, and was not in good faith. This is evidenced by the fact that Defendants paid Plaintiff strictly in cash and did not record the hours Plaintiff worked.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

18. Plaintiff re-alleges and re-asserts each and every allegation set forth above

as if each were set forth herein.

19. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

20. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

21. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

22. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours in excess of forty (40) each week of his employment.

23. As set forth above, Defendants failed and refused to pay Plaintiff time-and-a-half his overtime rate for all overtime hours worked each week in excess of forty (40).

24. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

25. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

26. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

27. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

28. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours in excess of forty (40) each week during Plaintiff's employment.

29. As set forth above, Defendants failed and refused to pay Plaintiff time-and-a-half his regular rate for all overtime hours worked each week in excess of forty (40).

30. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

31. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

32. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of DCMWA.

33. During the relevant period through June 30, 2014, D.C. Code § 32-1003 required that employers pay their employees at least one dollar over the federal minimum wage.

34. From July 1, 2014 until June 30, 2015, D.C. Code § 32-1003 required that employers pay their employees at least $9.50 per hour.

35. Beginning on July 1, 2015, D.C. Code § 32-1003 requires that employers pay their employees $10.50 per hour.

36. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff the minimum wage required under D.C. Code § 32-1003.

37. Defendants' failure to pay Plaintiff the minimum wage, as required by the DCMWA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

____-S-_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com

*Counsel for Plaintiff*